[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit
No. 98-1605

UNITED STATES,

Appellee,

v.

PAUL E. KEAVENY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Stahl, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Mark L. Sisti and Twomey & Sisti Law Offices on brief for appellant.
Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant U.S. Attorney, on Motion for Summary Disposition.

MARCH 4, 1999

Per Curiam. Defendant was convicted by a jury and
sentenced to 96 months' imprisonment for a violation of the
federal firearms statute. He alleges that the selection of the
jury in his case was closed to the public by a court security
officer in violation of his Sixth Amendment right to a public
trial. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1,
7 (1986) (holding that the guarantee of an open public trial 
includes the voir dire examination of jurors).
Below, defendant's first objection to the alleged closure
of the voir dire came in a post-trial motion to set aside the
jury's verdict. The motion was denied by the trial judge
without an evidentiary hearing on the ground that the objection
was untimely. On appeal, defendant argues that the trial judge
erred in (1) failing to grant a defense request for an
evidentiary hearing on the alleged closure, and (2) failing to
grant a new trial. 
In opposition, the government has twice moved for a
summary affirmance. We denied the government's first motion
without prejudice to a renewal of the motion with "appropriate
and relevant record citations for each of the factual
assertions therein." The renewed motion includes record
citations but the cited exhibits do not provide undisputed
support for the government's factual contentions that the
courtroom was never closed to the public during the jury
selection process, and that the defense allegation was 
"concocted." These are not the sort of matters of which this
court can possibly take judicial notice.
We also do not agree with the government's reading of the
trial judge's decision as incorporating "factual findings" on
the alleged courtroom closing. The decision confirms that
there was no judicial order excluding the public, and reflects
the court's skepticism of the defendant's claim. However, the
court did not determine whether members of the public were in
fact excluded nor whether the defendant's bypass of the
objection constituted a knowing waiver. In the absence of a
knowing waiver, constitutional concerns may be raised even by
a court officer's unauthorized partial exclusion of the public. 
See, e.g., United States v. DeLuca, 137 F.3d 24, 29-35 (1st 
Cir.) (disapproving of the marshals' unauthorized initiation of
security measures which effected a partial closure, but
upholding a court order ratifying the measures on the second
day of the trial in light of a balancing of the interests),
cert. denied, 119 S. Ct. 174, 268 (1998); see also Martineau v.
Perrin, 601 F.2d 1196 (1st Cir. 1979) (finding that a knowing
and deliberate waiver of the right to a public trial was
sufficient to overcome the constitutional presumption of
prejudice arising from a bailiff's mistaken locking of the
courtroom doors for several days of the trial). 
We do not reach defendant's second contention that the
availability of reasonable alternatives to a closure renders
constitutionally impermissible any retrospective ratification
hypothetically explained by space limitations or the like. A
decision by us on that issue would be purely advisory without
a determination of the predicate facts.
We are reluctant to extend further the proceedings in this
case. We can understand the skepticism that arises from the
delay in raising this issue. But not only is a very
substantial period of imprisonment involved but also the basic
respect owed to the Sixth Amendment. If we err, we prefer to
err in the direction of ascertaining with assuredness that
basic rights have either been waived or observed. We therefore
vacate the order denying the motion for a new trial and remand
to enable the district court to conduct an evidentiary hearing
or otherwise determine the crucial facts.
The government's motions to dispense with oral argument
and to file a motion memorandum in lieu of a brief are granted. 
The district court's order denying defendant's motion for a new
trial is vacated and the case is remanded for further
proceedings consistent with this decision. See Loc. R. 27.1.